| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| BRANDON MCDONALD, | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:11-CV-41 |
| | § | |
| RICK THALER, | § | |
| Respondent. | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Brandon McDonald, an inmate confined at the Central Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the petition be dismissed without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Petitioner's objections are without merit.

Petitioner argues that he should be entitled to equitable tolling. The one-year statute of limitations can be equitably tolled only in cases presenting "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Unfamiliarity with the legal process does not excuse the failure to comply with a statute of limitations. *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 120 S.Ct. 504 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 170 (5th Cir.

2000) (proceeding *pro se* not sufficient to toll limitations).  The factual predicate for petitioner's claims concerning the revocation of probation based on his arrest for a charge which was later dismissed could have been discovered at the time of his revocation or within one year of his conviction with the exercise of due diligence.  Petitioner's claim otherwise is not supported by the record.[1]  Petitioner has failed to show exceptional circumstances warranting equitable tolling.  Accordingly, petitioner's petition should be dismissed.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed

---

[1]     A review of *McDonald v. Knauth*, 1:06cv612 (E.D. Tex. Feb. 16, 2010) reveals that the factual basis for petitioner's claims were known, or could have been known with the exercise of due diligence, at the time of his imprisonment based on the revocation, or at the latest, on February 6, 2008.

to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

### ORDER

Accordingly, Petitioner's objections are **OVERRULED**.   The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.   A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 23rd day of August, 2012.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE